IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| SCHOOL SPECIALTY, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 24-00098 |
| *Defendant*, | ) |
| and | ) |
| DIXON TICONDEROGA COMPANY, | ) |
| *Defendant-Intervenor*. | ) |

**DEFENDANT-INTERVENOR'S COMMENTS IN SUPPORT OF U.S. DEPARTMENT OF COMMERCE'S REMAND REDETERMINATION**

Felicia Leborgne Nowels
Michael J. Larson
Li X. Massie
Akerman LLP
201 E. Park Avenue
Suite 300
Tallahassee, FL 32301
felicia.nowels@akerman.com
michael.larson@akerman.com
li.massie@akerman.com
(850) 425-1661

March 4, 2026

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................iii

**I.       INTRODUCTION** ........................................................................................... 1

**II.     COMMERCE COMPLIED WITH THE REMAND ORDER** ....................... 2

**III.   CONCLUSION** ................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Shrimp Trade Action Comm. v. United States*, 992 F. Supp. 2d 1285 (Ct. Int'l Trade 2014) ...............................................................................2

*Hyundai Steel Co. v. United States*, 589 F. Supp. 3d 1360 (Ct. Int'l Trade 2022) ............................................................................................................2

*School Specialty v. United States,* No. 24-00098, Slip Op. 25-97, 2025 WL 2171718 (Ct. Int'l Trade Jul 31, 2025) ................................................ 1

*School Specialty v. United* States, Remand Order, ECF No. 49 .......... 1, 2

**Statutes**

19 C.F.R. § 351.225(j) ...............................................................................2

**Administrative Determinations**

Final Results of Redetermination Pursuant to Court Remand, ECF No. 54, P.R. 3................................................................................................1-3

Remand Administrative Record, ECF No. 55..........................................2

## I.  INTRODUCTION

Defendant-Intervenor, Dixon Ticonderoga Company ("Dixon") respectfully submits the following comments in support of the United States Department of Commerce's ("Commerce") February 6, 2026 Final Results of Redetermination Pursuant to Court Remand, ECF No. 54, P.R. 3 ("Remand Redetermination").[1]

The Remand Redetermination was filed in response to the Court's July 31, 2025 Order ECF No. 49 ("Remand Order"), sustaining Commerce's determination on country-of-origin in part and remanding in part. The Court also entered an Opinion supporting the Remand Order. *School Specialty v. United States,* No. 24-00098, Slip Op. 25-97, 2025 WL 2171718 (Ct. Int'l Trade July 31, 2025).

The Court ordered Commerce to issue its remand redetermination within 120 days and to file the remand administrative record within 14 days thereafter. Within 14 days after Commerce filed the administrative record, the parties were ordered to submit a joint proposed scheduling order proposing due dates for the parties' comments on the remand

---

[1] All citations in this submission refer to the public version or public documents unless stated otherwise.

1

results and for the filing of the Remand Appendix. Commerce subsequently filed the Remand Redetermination on February 6, 2026, and filed the remand administrative record on February 19, 2026. Remand Administrative Record, ECF No. 55. As a result, a proposed joint scheduling order is currently due on March 5, 2026.

## II. COMMERCE COMPLIED WITH THE REMAND ORDER

The Court reviews remand redeterminations for compliance with its remand order. *See Hyundai Steel Co. v. United States*, 589 F. Supp. 3d 1360, 1363 (Ct. Int'l Trade 2022) ("The Court also reviews determinations made on remand for compliance with the Court's remand order."); *Ad Hoc Shrimp Trade Action Comm. v. United States*, 992 F. Supp. 2d 1285, 1290 (Ct. Int'l Trade 2014) ("The court will sustain Commerce's antidumping determinations, including redeterminations made pursuant to remand, so long as such determinations are supported by substantial evidence, are otherwise in accordance with law and, in the case of redeterminations, are consistent with the court's remand order.").

The Remand Redetermination fully complies with the Court's Remand Order. Although the Court sustained Commerce's determination in part, it remanded to Commerce for further explanation as to "how it

balanced its various findings under 19 C.F.R. § 351.225(j) to conclude that no substantial transformation occurred in the Philippines." Remand Order at 1.

In accordance with the Court's Remand Order, Commerce provided a thorough discussion and explanation of its rationale for reaching its conclusion. Commerce clearly explained how it balanced the applicable factors by stating that it "weighted each of the five factors . . . approximately equally" and that "no single factor was dispositive." Remand Redetermination at 2, 5-6. In its analysis, Commerce properly considered the facts in the record, finding that only one factor—whether the downstream product constitutes a different class or kind of merchandise than the upstream Chinese-made inputs—weighed in favor of substantial transformation. Remand Redetermination at 5. As for the other factors, Commerce correctly stated, "the evidence on the record regarding four factors weighs against substantial transformation (i.e., physical characteristics, intended end use, nature and sophistication of processing, and where the essential characteristics of the product are imparted) and demonstrates that these pencils were produced in China." Remand Redetermination at 6.

## III. CONCLUSION

The Remand Redetermination is consistent with the Court's remand instructions, supported by substantial evidence, and otherwise is in accordance with law. For the reasons above, Dixon requests that the Court affirm the Remand Redetermination.

Respectfully submitted,

*/s/Felicia Leborgne Nowels*
Felicia Leborgne Nowels
Michael J. Larson
Li X. Massie

Akerman LLP
201 E. Park Avenue
Suite 300
Tallahassee, FL 32301
felicia.nowels@akerman.com
michael.larson@akerman.com
li.massie@akerman.com
(850) 425-1661

*Attorneys for Dixon Ticonderoga Company*

March 4, 2026

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2(B)(2) of the Standard Chambers Procedures of the Court of International Trade, I hereby certify that this brief complies with the word limitation set forth in Paragraph 2(B)(1) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block, and any certificate of counsel, the word count for these comments is 571 words.

<i>/s/Felicia Leborgne Nowels</i><br>
Felicia Leborgne Nowels

## **<u>NON-USE OF GENERATIVE ARTIFICIAL INTELLIGENCE CERTIFICATION</u>**

As required by Paragraph 6 of the Document Formatting and ECF Filing formatting requirements for all filings after a case is assigned to Judge Baker, I hereby certify that this brief was not prepared with the assistance of generative artificial intelligence program based on natural language prompts.

<u>*/s/Felicia Leborgne Nowels*</u>
Felicia Leborgne Nowels