UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SCHOOL SPECIALTY, LLC,<br>    *Plaintiff*,<br>v.<br>UNITED STATES,<br>    *Defendant*,<br>and<br>DIXON TICONDEROGA COMPANY,<br>    *Defendant-Intervenor*. | Ct. No. 24-00098-MMB |

**ORDER**

This case involves a challenge to the Department of Commerce's finding that pencils exported from the Philippines are within the scope of an order imposing antidumping duties on such merchandise from China. Slip Op. 25-97 (ECF 48), at 2–3, 2025 WL 2171718, at *1 (July 31, 2025). In the first litigation round, the court returned this matter to the agency for an explanation of how it balanced its various findings under 19 C.F.R. § 351.225(j) to conclude that no substantial transformation occurred in the Philippines. *See id.* at 22–23, 2025 WL 2171718, at *8.

On remand, Commerce observed that the regulation does not prescribe what weight it should assign to any particular factor and that it examines them "based on the facts on the record given the particular circumstances unique to the products at issue." *Id.* at 5. "No single factor . . . is dispositive." *Id.* at 6. It explained that here, it found that four of the five substantial transformation

factors it analyzed supported a finding that the pencils at issue were primarily made in China. *Id.* at 7. "Although [the Department does] not assign numerical weights to each factor, in this case, [it] weighted each of the five factors that [it] analyzed approximately equally, as the record illustrates that each factor in this substantial transformation analysis is significant." *Id.* The agency found that the evidence for four factors that pointed against finding substantial transformation outweighed the evidence for a single factor supporting such a finding. *Id.* at 8. It therefore found that Plaintiff School Specialty's pencils did not undergo substantial transformation in the Philippines and are accordingly within the scope of the antidumping order. *Id.*

Defendant-Intervenor Dixon Ticonderoga Company was the only party to submit comments on Commerce's draft results. *Id.* After the Department filed the redetermination with the court, School Specialty advised that it would not oppose the agency's decision. ECF 56, at 2. The government (ECF 58) and Dixon (ECF 57) both ask the court to sustain the redetermination, noting that the agency provided the additional explanation required by the remand order such that it is supported by substantial evidence and in accordance with law.

The court agrees with the government and Dixon. The remand order directed the Department to explain how it balanced the factors it examined

2

3

under 19 C.F.R. § 351.225(j), and it did just that. The court therefore sustains the redetermination. A separate judgment will enter. *See* USCIT R. 58(a).

| | | |
|---|---|---|
| Dated: | March 9, 2026<br>New York, New York | /s/ *M. Miller Baker*<br>M. Miller Baker, Judge |